[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14105

Non-Argument Calendar

_____

MATTHEW KLEIN,
THE HEALTH SPECTRUM, LLC,

Plaintiffs-Counter Defendants-Appellants

MARY ELKINS,

Counter Defendant-Appellant,

*versus*

DIAN OVED,
OVED MEDIA INTERNATIONAL INC.,
d.b.a. Empower Digital,

Defendants-Counter Claimants-Appellees

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80160-KAM

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

In October 2022, Matthew Klein filed a complaint against Dian Oved. Oved raised multiple counterclaims against Klein, alleging that he fraudulently misrepresented himself as a spiritual healer, and named Klein's business partner, Mary Elkins, as an additional counter-defendant. Klein and Elkins moved separately to dismiss Oved's counterclaims, with Klein claiming that the district court did not have jurisdiction to consider the counterclaims because they raised questions of religious belief that cannot be resolved by the courts under the ecclesiastical abstention doctrine. In an order entered November 16, 2023, the district court determined that the ecclesiastical abstention doctrine did not apply to Oved's counterclaims as pleaded and the action would proceed, noting that Klein and Elkins could reassert the doctrine as a defense if facts emerged in support. Klein and Elkins filed a notice of appeal from the November 16, 2023, order.

The November 16, 2023, order is not final or appealable. The order is not final because the district court case is ongoing, with an amended set of counterclaims pending. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).

Additionally, the order is not immediately appealable pursuant to the collateral order doctrine. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014). An order is immediately appealable under that doctrine if it: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from and collateral to the merits of the action; and (3) would be effectively unreviewable on appeal from the final judgment. *Id.*

The November 16, 2023, order did not conclusively determine whether the ecclesiastical abstention doctrine could shield Klein and Elkins from liability. *See id*. The applicability of that doctrine is not collateral to the issue of whether Klein and Elkins used spirituality to defraud Oved or held sincere religious beliefs, *i.e.,* the issue of whether the doctrine applies is not completely separate from the merits of Oved's counterclaims. *See id*. And the November 16, 2023, order is reviewable from a final judgment without losing the benefit of the doctrine, which prevents courts from deciding matters of ecclesiastical beliefs and governance but does not immunize religious groups or figures from suit. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009); *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440,

4                    Opinion of the Court                    23-14105

446-47 (1969); *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709-10 (1976); *Crowder v. S. Baptist Convention*, 828 F.2d 718, 727 (11th Cir. 1987); *Jones v. Wolf*, 443 U.S. 595, 602-03 (1979).